NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE IPCOM GMBH & CO., KG,**
*Petitioner.*

---

Miscellaneous Docket No. 972

---

On Petition for Writ of Mandamus to the United States District Court for District of District of Columbia in case no. 08-CV-1897, Judge Rosemary M. Collyer.

---

## ON PETITION

---

Before GAJARSA, MAYER, and PROST, *Circuit Judges.*

PER CURIAM.

## ORDER

This is a petition for a writ of mandamus from a district court order rejecting IPCom GmbH & Co.'s ("IPCom") contention that it should not be required to turn over documents held on its behalf by its German counsel. Because IPCom has not satisfied the high burden for mandamus relief, we deny the petition.

## I.

This petition grows out of a declaratory judgment action concerning IPCom's global telephony patent portfolio. IPCom acquired these patents from another German company, Robert Bosch GmbH ("Bosch"). The portfolio includes U.S. and Japanese patents, along with the German patents to which the Japanese and U.S. patents claim priority. The Frohwitter firm assisted both sides in the transaction and became the custodian of the documentation related to the prosecution of these patents.

Several years after IPCom acquired these patents, HTC Corporation and HTC America, Inc. (collectively, "HTC") filed a declaratory judgment action against IPCom, alleging that the patents in the portfolio were invalid or not infringed. HTC served IPCom with requests for production of documents relating to IPCom's evaluation, valuation, and purchase of the Bosch portfolio of patents and patent applications. As explained in the District Court's order, HTC's requests included the following sets of documents in the Frohwitter firm's custody: (1) Invention Disclosure and Notification statements from Bosch's employees pertaining to the German patent applications to which the U.S. patents at issue here claim priority; (2) correspondence between Bosch's in-house German counsel and its Japanese patent counsel regarding its Japanese patent applications; and (3) correspondence between Bosch's in-house German counsel and its U.S. patent counsel regarding its U.S. patent applications.

IPCom refused to produce documents in response to these requests, asserting attorney-client privilege. HTC moved to compel discovery, arguing that any privilege was waived when Bosch sold the portfolio to IPCom. Applying United States privilege law, the United States

District Court for the District of Columbia granted HTC's motion to compel. The court held that Bosch had sold these documents and the patents to IPCom, and in doing so, had waived any attorney-client privilege.

## II.

A party seeking a writ of mandamus bears the burden of proving that it has no other means of attaining the relief desired, *Mallard v. U.S. District Court*, 490 U.S. 296, 309 (1989), and that the right to issuance of the writ is "clear and undisputable." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980). In appropriate cases, a writ of mandamus may issue to "prevent the wrongful exposure of privileged communications." *In re Regents of the Univ. of Cal.*, 101 F.3d 1386, 1387 (Fed. Cir. 1996).

### A.   German Invention Disclosure Statements and German-Japanese Communications

IPCom argues that the district court erred in applying United States rather than German law in deciding whether these documents were discoverable. For German law to apply, IPCom would first have to establish a conflict exists between German and United States law. *See Hartford Fire Ins. Co. v. California*, 509 U.S. 764, 798 (1993) (limiting the application of international comity doctrine to cases in which "there is in fact a true conflict between domestic and foreign law"). While "[i]t is well known that the laws of some foreign countries present conflicts with . . . United States discovery demands," *Cochran Consulting, Inc. v. Uwatec USA, Inc.*, 102 F.3d 1224, 1226 (Fed. Cir. 1996), despite bearing the burden of proof, IPCom has not clearly identified how or why the application of German law here would yield a different outcome. *See generally In re Lindsey*, 148 F.3d 1100, 1106 (D.C. Cir. 1998) (the party asserting attorney-client

privilege bears the burden of proving that the privilege exists). In fact, IPCom has presented no evidence on this issue, admitting that "the issue of a possible waiver under German law was never . . . *briefed by any of the parties below.*" (emphasis added).

Moreover, IPCom cannot use German discovery laws to shield itself from producing documents that can be used to attack the validity or enforceability of its patents. If an inventor wants the protections afforded under the U.S. patent laws, that inventor must comply with all applicable rules and regulations to secure and maintain those rights. Notably, that includes the duty of candor and disclosure requirements during patent prosecution. To the extent that IPCom could lose its U.S. patent rights for failure to satisfy these obligations based on an assertion (if proven) of inequitable conduct, we agree that IPCom should not be able to shield itself from such a result by protecting otherwise discoverable documents from disclosure under the guise of international comity. *See also Int'l Nutrition Co. v. Horphag Research Ltd.*, 257 F.3d 1324, 1329 (Fed. Cir. 2001) (stating that comity may not be extended when, as here, "doing so would be contrary to the policies or prejudicial to the interests of the United States.")

Finally, IPCom notes that the Frohwitter firm is obligated under German ethics laws to maintain these communications as confidential and may face criminal liability for disclosure. Although "fear of criminal prosecution constitutes a weighty excuse for non-production . . . [and this is] not weakened because the laws preventing compliance are those of a foreign sovereign," an excuse from non-production must be predicated upon a lack of "any fault of" the party. *Société Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 211-12 (1958). The district court

considered and rejected IPCom's argument, suggesting the firm was at least partially at fault. Based on our review of the papers and the trial court's findings, we cannot say that IPCom has met its burden on mandamus.

### B. German-US Communications

IPCom challenges the district court's holding that there was no waiver of attorney-client privilege under the "common interest" doctrine. Although the disclosure of attorney-client confidences to a third party waives privilege, the common interest doctrine allows for such privileges to remain intact "when the third party is a lawyer whose client shares an overlapping 'common interest' with the primary client." *In re Lindsey*, 158 F.3d 1263, 1282 (D.C. Cir. 1998). The district court here found that there was no common interest between Bosch and IPCom because "Bosch sold the Patents and all documents relating to the Patents to IPCom; Bosch did not share this information as part of a joint legal claim or defense." This court discerns no error that satisfies the high bar for mandamus review in the district court's conclusion regarding this issue.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

JUN 2 2 2011
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

cc: Michael A. Oblon, Esq.
    Mitchell G. Stockwell, Esq.

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

JUN 2 2 2011

JAN HORBALY
CLERK

A. James Isbester, Esq.
Clerk, United States District Court for the District of Columbia

s19